UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RITA MARY K., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, <br> Acting Commissioner of Social Security, <br><br> Defendant. | Case No. 21 C 4598 <br><br> Magistrate Judge Sunil R. Harjani |

**MEMORANDUM OPINION AND ORDER**

Rita K. seeks to reverse the final decision of the Commissioner of Social Security denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties have filed cross-motions for summary judgment [12, 16]. For the reasons discussed below, Plaintiff's Motion for Summary Judgment [12] is granted in part, the Commissioner's Motion for Summary Judgment [16] is denied in part, and the case is remanded to the agency for further proceedings.

**I. BACKGROUND**

Rita suffers from depression and anxiety. She applied for DIB and SSI on the ground that she has been disabled due to severe depression, hypertension, sleep apnea, and thyroid problems since July 17, 2017. As of the date of her applications, Rita was 54 years old. She completed four or more years of college and previously worked as an assistant professor and coordinator at a college.

Following a hearing, ALJ Bill Laskaris issued a decision on January 14, 2021, finding Rita was not disabled. (R. 45-56). The ALJ determined that Rita had the severe impairments of major depressive disorder and generalized anxiety disorder. *Id.* at 48. The ALJ found that Rita's various

physical impairments, including hypertension, hyperthyroidism, and elevated weight and body mass index, were non-severe. *Id*. The ALJ determined that none of Rita's impairments met or medically equaled a listed impairment. *Id*. at 49-51. Under the "Paragraph B" analysis, the ALJ found that Rita had a moderate limitation in understanding, remembering or applying information, moderate limitation in her ability to interact with others, mild limitation in concentration, persistence, or pace, and mild limitation in her ability to adapt and manage herself. *Id*. The ALJ then determined that Rita had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with the following nonexertional limitations: limited to performing simple, routine, and repetitive tasks; limited to performing low stress jobs, which are defined as requiring only occasional decision making and occasional changes in the work setting; and can tolerate only occasional interaction with the public, co-workers, and supervisors. *Id*. at 51-54. The ALJ concluded that Rita could not perform her past relevant work as a college faculty member. *Id*. at 54-55. However, the ALJ found that Rita was not disabled because she can perform jobs existing in significant numbers in the national economy, including dishwasher, laundry worker, and machine feeder. *Id*. at 55-56. After the ALJ's decision, Rita submitted additional evidence for review to the Appeals Council. *Id*. at 13-41. The Appeals Council denied Rita's request for review on July 21, 2021, stating that it would not review Rita's newly submitted evidence because it "[did] not relate to the period at issue." *Id*. at 1-7.

## II. **<u>DISCUSSION</u>**

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To determine whether

a claimant is disabled, the ALJ conducts a five-step inquiry: (1) whether the claimant is currently unemployed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals any of the listings found in the regulations, *see* 20 C.F.R. § 404, Subpt. P, App. 1 (2004); (4) whether the claimant is unable to perform her former occupation; and (5) whether the claimant is unable to perform any other available work in light of her age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000). These steps are to be performed sequentially. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). "An affirmative answer leads either to the next step, or, on Steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than Step 3, ends the inquiry and leads to a determination that a claimant is not disabled." *Clifford*, 227 F.3d at 868 (internal quotation marks omitted).

Judicial review of the ALJ's decision is limited to determining whether the ALJ's findings are supported by substantial evidence or based upon a legal error. *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002). Substantial evidence is "more than a mere scintilla" and means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, --- U.S. ----, 139 S.Ct. 1148, 1154 (2019) (internal quotation marks omitted). In reviewing an ALJ's decision, the Court "will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute [its] judgment for the ALJ's determination." *Reynolds v. Kijakazi*, 25 F.4th 470, 473 (7th Cir. 2022) (internal quotation marks omitted). Nevertheless, where the ALJ's decision "lacks evidentiary support or is so poorly articulated as to prevent meaningful review, the case must be remanded." *Steele*, 290 F.3d at 940.

In this case, the decision that requires review is not the ALJ's decision because Rita's first and meritorious argument is that the Appeals Council made an error of law in denying her request

3

for review. Specifically, Rita argues that the case must be reversed and remanded because the Appeals Council improperly rejected her additional evidence, which she says constituted new, material, and time-relevant evidence. Rita also contends that the ALJ improperly relied on his own lay opinion in determining the RFC. Because the Court finds that the Appeals Council legally erred by not considering the additional evidence time-relevant, the Court remands on this basis and need not address Rita's additional argument.

After the ALJ issued his January 2021 decision finding Rita not disabled, she submitted additional evidence to the Appeals Council, including a March 2021 opinion from Felisa Gutierrez, a Licensed Clinical Social Worker, and an April 2021 opinion from Dr. Edwin Smolevitz, M.D.[1] (R. 13-41). On March 22, 2021, Gutierrez completed a Mental Residual Functional Capacity Questionnaire on Rita's behalf. *Id*. at 37-41. Gutierrez explained that Rita had treated with PCC Community Wellness Center since November 4, 2019 and is seen on a bi-weekly or monthly basis. *Id*. at 37. Rita's diagnosis included generalized anxiety disorder and major depressive disorder. *Id*. Gutierrez noted that Rita's treatment consisted of therapy and medication (Citalopram and Bupropion) and Rita's response to treatment had been poor. *Id*. Gutierrez stated that "Rita has many stressors that make it difficult to cope." *Id*. Gutierrez's description of clinical findings included: "mood: sad, irritable, anxious. Affect: tearful, anxious, sad, congruent to thought. [] Insight: impaired [due to] depression and functioning." *Id*.

Gutierrez opined that Rita was "unable to meet competitive standards" with regard to completing a normal workday and workweek without interruptions from psychologically based symptoms. (R. 39). She further opined that Rita's mental abilities and aptitudes needed to do unskilled work were "seriously limited" in 11 of 16 areas: remembering work-like procedures;

---

[1] Rita also submitted treatment notes from Gutierrez dated June 7, 2021 and July 20, 2021 to the Appeals Council. (R. 25-33).

maintaining attention for two hour segments; sustaining an ordinary routine without special supervision; working in coordination with or proximity to others without being unduly distracted; making simple-work related decisions; performing at a consistent pace without an unreasonable number and length of rest periods; asking simple questions or requesting assistance; accepting instructions and responding appropriately to criticism from supervisors; responding appropriately to changes in routine work settings; dealing with normal work stress; and being aware of normal hazards and taking appropriate precautions.[2] *Id*. In support of these limitations, Gutierrez explained that "Rita is depressed where it affects her environments. She has poor focus, poor interest, low motivation, sleep disturbances, anhedonia and difficulty functioning where it is hard to complete ADLs." *Id*.

Moreover, Rita was "unable to meet competitive standards" in all four areas of mental abilities and aptitudes needed to do semiskilled and skilled work because she has poor focus and concentration. (R. 40). Gutierrez also opined that Rita was "seriously limited" in her ability to interact appropriately with the general public and to adhere to basic standards of neatness and cleanliness. *Id*. She wrote that Rita was "unable to meet competitive standards" in traveling in unfamiliar places and using public transportation. *Id*. Finally, Gutierrez opined that Rita would miss more than four days of work per month, could not engage in full-time competitive employment on a sustained basis, could not manage benefits in her own best interest, and Rita's conditions and limitations existed since prior to July 17, 2021. *Id*. at 41.

On April 9, 2021, Dr. Smolevitz completed a Primary Source Statement form. (R. 16-23). Dr. Smolevitz has treated Rita since at least April 19, 2017. *Id*. at 437-40. Dr. Smolevitz reported

---

[2] According to the form, "Seriously limited" means "ability to function in this area is seriously limited and would frequently be less than satisfactory in any work setting." (R. 39). "Unable to meet competitive standards" means "your patient cannot satisfactorily perform this activity independently, appropriately, effectively and on a sustained basis in a regular work setting." *Id*.

Rita's diagnoses as anxiety, hypertension, and hypothyroidism. *Id*. at 16. On the form, Dr. Smolevitz listed Rita's symptoms as anxiety and fatigue and noted her prognosis was fair. *Id*. at 16. Her medications caused fatigue. *Id*. Dr. Smolevitz opined that: emotional factors contributed to the severity of Rita's symptoms and functional limitations; Rita's symptoms were severe enough to frequently interfere with attention and concentration needed to perform even simple work tasks; Rita was capable of low stress jobs; and she would sometimes need to take unscheduled breaks during an 8-hour workday. *Id*. at 17-18. Dr. Smolevitz then assessed Rita's mental abilities in 21 unskilled work-related areas under the categories of understanding and memory, sustained concentration and memory, social interaction, and adaptation. *Id*. at 21-22. On a scale ranging from Category I (does not preclude performance of any aspect of the job) to Category V (precludes all performance in a regular work setting), he rated two abilities as Category IV and eight abilities as Category III.[3] *Id*. Dr. Smolevitz was "unsure" about Rita's ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and travel to unfamiliar places or use public transportation. *Id*. According to Dr. Smolevitz, the functional limitations described in his April 2021 assessment "have existed to the same degree since at least July 2017." *Id*.

---

[3] Dr. Smolevitz rated two of Rita's mental abilities as falling within Category IV (precludes performance for more than 20% of an 8-hour workday): (1) understand and remember detailed instructions; and (2) deal with normal work stress. (R. 21-22). Dr. Smolevitz checked that Rita has a Category III limitation (precludes performance from 11% to 20% of an 8-hour workday) in the following eight areas: (1) remember work-like procedures; (2) understand and remember very short and simple instructions; (3) carry out detailed instructions; (4) maintain attention for two hour segments; (5) sustain an ordinary routine without special supervision; (6) work in coordination with or proximity to others without being unduly distracted; (7) respond appropriately to changes in a routine work setting; and (8) set realistic goals or make plans independently of others. *Id*.

> In denying Rita's request for review, the Appeals Council stated:
>
> You submitted evidence from Felisa Gutierrez, LCSW, March 22, 2021, 7 pages; and Edwin Smolevitz, MD, 11 pages. The Administrative Law Judge decided your case through January 14, 2021. This additional evidence does not relate to the period at issue. Therefore, it does not affect the decision about whether you were disabled beginning on or before January 14, 2021.

(R. 2). Rita argues that the Appeals Council committed reversible legal error when it rejected the additional evidence as non-qualifying because it was not time-relevant. The Commissioner argues that the Appeals Council's determination on whether additional evidence warrants review is discretionary and unreviewable by this Court. Alternatively, the Commissioner contends that the record supports the Appeals Council's conclusion that the additional evidence did not relate to the relevant period on or before the ALJ's January 2021 decision.

A "claimant is permitted to submit new evidence to the Appeals Council in support of [her] application for review" of an ALJ's decision. *Eads v. Secretary of the Dept. of Health and Human Services*, 983 F.2d 815, 816 (7th Cir. 1993). The Appeals Council will review a case if it "receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5). "The requirement that newly submitted evidence 'relate[] to the period on or before the date of the [ALJ] hearing decision,' 20 C.F.R. § 404.970(b), is distinct from the mandate that it also be 'new and material.'" *Stepp v. Colvin*, 795 F.3d 711, 723 (7th Cir. 2015). The pertinent regulation also provides that the claimant must show "good cause for not informing [the Social Security Administration] about or submitting the evidence" sooner. 20 C.F.R. §§ 404.970(b), 416.1470(b).

The Court first considers whether the Appeals Council's decision to reject the additional evidence as not time-relevant is reviewable. Review of the Appeals Council's decision depends "on the grounds on which the Council declined to grant plenary review." *Stepp*, 795 F.3d at 722.

7

Courts have jurisdiction to review the Appeals Council's legal conclusions that additional evidence was "non-qualifying under the regulation." *Id*. According to *Stepp*, those legal conclusions include whether evidence is new, material, and time-relevant. *Id*; *Perkins v. Chater*, 107 F.3d 1290, 1294 (7th Cir. 1997) ("Review is possible only if . . . the Appeal Council's action rests on a mistake of law, such as a determination that the evidence submitted for the first time to the Appeals Council was not 'new' or 'material' within the meaning of the governing rules."). "Absent legal error, however, the Council's decision whether to review is 'discretionary and unreviewable.'" *Getch v. Astrue*, 539 F.3d 473, 483-64 (7th Cir. 2008).[4]

In this case, the Appeals Council rejected the proffered additional records as non-qualifying because they "d[id] not relate to the period at issue." (R. 2). "In other words, the [Appeals Council] deemed that evidence non-qualifying under 20 C.F.R. §§ 404.970(a)(5) and 416.1470(a)(5), and so this Court may review that conclusion for legal error." *Jennifer W. v. Commissioner of Social Security*, 2022 WL 16569580, at *6 (C.D. Ill. Sept. 30, 2022); *Joseph R. v. Commissioner of Social Security*, 2020 WL 9074877, at *7 (C.D. Ill. Nov. 17, 2020) (finding the Commissioner was "simply wrong" in his position that the Appeals Council's rejection of additional evidence as "not relat[ing] to the period at issue" was a discretionary decision not subject to court review). Thus,

---

[4] *Stepp* considered a previous version of the regulation. At the time *Stepp* was decided, the regulation did not include the current "reasonable probability" language. *Davis v. Commissioner of Social Security*, 2021 WL 2451908, at *4 (N.D. Ind. June 16, 2021). Because the "reasonable probability" clause "basically restates the definition of the term 'material' which appears in the first clause," this has caused confusion among the district courts in this Circuit regarding whether an Appeals Council statement that additional evidence "does not show a reasonable probability that it would change the outcome of the decision" is a legal determination of materiality or a discretionary weighing of the evidence. *Id*; *Musonera v. Saul*, 410 F.Supp.3d 1055, 1060 (E.D. Wis. 2019). However, this issue does not impact the Court's review in this case as to whether additional evidence "relates to the period on or before the date of the hearing decision" because this language was not affected by the 2017 change to the regulation. *Arndt v. Kijakazi*, 2021 WL 5905646, at *4, n.1 (N.D. Ind. Dec. 14, 2021); *Xiong v. Kijakazi*, 2022 WL 124522, at *6 (E.D. Wis. Jan. 13, 2022) (noting an Appeals Council decision on time-relevance remains a non-discretionary determination under the revised regulation).

the Appeals Council's determination here that the additional evidence did not relate to the period at issue is not a discretionary decision and is therefore subject to judicial review.

Given this conclusion, the Court next reviews *de novo* the Appeals Council's finding the March and April 2021 opinions did "not relate to the period at issue." (R. 2). Both opinions submitted to the Appeals Council for review were rendered after the ALJ's decision. The hearing decision in this case was issued on January 14, 2021, and Gutierrez's Mental RFC Questionnaire and Dr. Smolevitz's Primary Source Statement post-date the ALJ's decision. "However, just because . . . records [are] created after the [ALJ's decision] does not mean they are unrelated to the period" at issue. *Arndt*, 2021 WL 5905646, at *5; *Newbury v. Astrue*, 321 F. App'x 16, 18 n.2 (2d Cir. 2009) ("[M]edical evidence generated after an ALJ's decision cannot [be] deemed irrelevant solely because of timing."). For example, records from treatment that took place after a claimant's date last insured are "relevant . . . to the degree that they shed light on [the claimant's] impairments and disabilities from the relevant insured period." *Million v. Astrue*, 260 F. App'x 918, 922 (7th Cir. 2008); *cf. Kapusta v. Sullivan,* 900 F.2d 94, 97 (7th Cir. 1987) (refusing to consider medical records "postdating the hearing" and that "speak only to [the claimant's] current condition, not to his condition at the time his application was under consideration by the Social Security Administration"). The Appeals Council disregarded LCSW Gutierrez's March 22, 2021 opinion and Dr. Smolevitz's April 9, 2021 opinion solely because they post-dated the ALJ's January 14, 2021 opinion. This approach amounted to legal error. *Arndt*, 2021 WL 5905646, at *5 (by dismissing claimant's additional records "simply because of their timing, the Appeals Council erred."); *Lefebvre v. Saul*, 2019 WL 4565500 at *3 (N.D. Ind. Sept. 20, 2019) (additional evidence before the Appeals Council "was ignored based on the timing of the evidence alone. And therein lies the error.").

Moreover, the error was not harmless with regard to the Appeals Council's rejection of the post-decision opinions. *Butler v. Kijakazi*, 4 F.4th 498, 504 (7th Cir. 2021) (harmless error standard applies to judicial review of administrative decisions). The Commissioner maintains that in the mental RFC questionnaire, Gutierrez "did not expressly state that the opinions included therein applied to the period at issue." Doc. 17 at 5. The Commissioner similarly argues that a "review of the medical source statement Dr. Smolevitz completed in April 2021 does not show any indication that his opinion related to the period on or before the ALJ's January 2021 decision." *Id*. The Commissioner is incorrect. The ALJ's decision covered the period from July 17, 2017 through January 14, 2021, and both Gutierrez and Dr. Smolevitz explicitly stated that their opinions related to the relevant time frame. Gutierrez answered "yes" when asked if the conditions and limitations from conditions in the questionnaire existed since prior to July 17, 2017. (R. 41). Likewise, Dr. Smolevitz checked a box indicating that the functional limitations described in his opinion "have existed to the same degree since at least July 2017." *Id*. 23. In other words, both post-decision opinions make clear that they relate to Rita's condition during the relevant period. Furthermore, both Gutierrez and Dr. Smolevitz saw Rita during the period of time relevant to her claim. If the Appeal Council had properly analyzed the opinions beyond simply rejecting them because they post-dated the ALJ's decision, the Appeals Council could certainly have reached a different conclusion on the time-relevance requirement and would have been required to consider whether the opinions met the remaining requirements of the regulation. Thus, Rita has shown that the Appeals Council committed a reversible error in determining that the post-decision opinions did not relate back to the relevant period.

Finally, Rita's opening brief argued that the additional evidence she submitted to the Appeals Council was new, material, and good cause exists for not submitting the opinions to the

ALJ. Doc. 13 at 8. The Commissioner did not respond to any of Rita's arguments on these issues. It is well settled that "[f]ailure to respond to an argument—as the [Commissioner] ha[s] done here—results in waiver." *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) Accordingly, the Court construes the Commissioner's failure to respond to Rita's arguments as a concession that the post-decision opinions are new, material, and that there is good cause for not submitting them to the ALJ. *David D. v. Saul*, 2020 WL 2404877, at *5 (N.D. Ill. May 12, 2020) ("The Court does not address the matter further [] because the Commissioner's decision not to address the matter waives the issues."); *Herrmann v. Berryhill*, 2017 WL 6523931, at *13 (N.D. Ind. Dec. 20, 2017) ("the Commissioner's silence constitutes waiver of the issue.").

### III. CONCLUSION

For these reasons, Plaintiff's Motion for Summary Judgment [12] is granted in part and the Commissioner's Motion for Summary Judgment [16] is denied in part. This case is remanded to the agency for further proceedings consistent with this opinion.

**SO ORDERED.**

Dated: December 12, 2022

Sunil R. Harjani
United States Magistrate Judge